UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| KENNETH HUTCHINS, | Case No. 17-cv-03921-BLF |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| JOE A. LIZARRAGA, | |
| Defendant. | |

On August 18, 2020, Petitioner, by and through his counsel of record, filed an ex parte administrative motion to file under seal the declaration of appointed counsel, which counsel filed to support her ex parte application for replacing appointed counsel. *See* Mot., ECF 38; Appl., ECF 37. For the reasons stated below, the administrative motion to seal at ECF 38 is GRANTED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).

*Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

## II. DISCUSSION

The Court has reviewed the sealing motion and declaration submitted in support thereof. This document subject to the motion to seal is only tangentially related to the merits of Petitioner's habeas claim and thus must meet the good cause standard under Rule 26(c). The Court finds that Petitioner's counsel has articulated compelling reasons of attorney-client privilege and attorney work product doctrine to seal the declaration and finds the request is narrowly tailored.

## III. CONCLUSION

For the reasons stated above, Petitioner's administrative motion to seal at ECF 38 is GRANTED.

**IT IS SO ORDERED.**

Dated: August 19, 2020

BETH LABSON FREEMAN
United States District Judge