UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENNETH HUTCHINS,

    Petitioner,

v.

JOE A. LIZARRAGA, Warden,

    Respondent.

Case No. 17-cv-03921-BLF

ORDER DENYING PETITIONER'S MOTION TO VACATE COURT'S FINAL ORDER AND JUDGMENT

[Re: ECF 30]

Before the Court for a second time is Petitioner Kenneth Hutchins' Motion to Vacate the Court's Final Order and Judgment, brought under Federal Rules of Civil Procedure 59(e) and 60(b). *See* Mot., ECF 30. Petitioner filed the motion on April 27, 2020, asserting that new evidence of actual innocence warrants relief from the Court's adverse habeas ruling and entry of judgment on March 30, 2020. *See id*. Respondent filed opposition. *See* Opp., ECF 31. The Court deemed the motion appropriate for decision without oral argument, determined that it raises a new claim for habeas relief based on actual innocence, and denied it as an unauthorized second or successive habeas petition. *See* Order Den. Mot., ECF 32.

Petitioner filed a timely notice of appeal as to both the judgment and the post-judgment order denying his motion to vacate. *See* Ninth Cir. Order, ECF 35. The United States Court of Appeals for the Ninth Circuit remanded the case, noting that "[s]hortly after the district court entered its post-judgment order, the United States Supreme Court issued its opinion in *Banister v. Davis*, __ U.S. __, 140 S. Ct. 1698 (2020), holding that a Rule 59(e) motion is not a second or successive habeas petition." *Id.* The remand is for the limited purpose of allowing this Court to reconsider Petitioner's post-judgment motion. *See id.*

Petitioner's motion is DENIED for the reasons discussed below.

## I.   BACKGROUND

A California state court jury convicted Petitioner of several sex offenses against his eight-year-old great niece, Zoe,[1] and possession of child pornography. *See People v. Hutchins*, No. A141037, 2016 WL 369800, at *1 (Cal. Ct. App. Jan. 29, 2016). He was sentenced to a prison term of 55 years to life, plus 8 years and 8 months. *See id.* After filing an unsuccessful direct appeal and petition for review, Petitioner filed a counseled federal habeas petition to commence the present action. *See* Pet., ECF 1. The petition asserts four claims relating to the admission of evidence, ineffective assistance of counsel, failure to properly instruct the jury, and prosecutorial misconduct. *See id.* at 10-21. This Court denied the petition and entered judgment against Petitioner on March 30, 2020. *See* Order Denying Pet., ECF 28; Judgment, ECF 29.

Petitioner thereafter filed the present motion, asserting that relief from the Court's habeas denial and entry of judgment is warranted under Rules 59(e) and 60(b). The motion asserts that new evidence of actual innocence has been unearthed. The first piece of purportedly new evidence is a transcript of a hearing conducted by the state superior court in October 2019 – five months before this Court entered judgment – regarding the prosecution's post-conviction motion for additional victim restitution. *See* Fahn Decl. ¶ 3 & Exh. 1, ECF 30-1. Petitioner opposed the motion and testified that he had not molested Zoe. *See id.* The superior court imposed the requested additional restitution. *See* Fahn Decl. ¶ 4. Petitioner nonetheless contends that the hearing transcript is significant because it contains his only sworn testimony that he did not molest Zoe, as he did not testify at trial. *See* Mot. at 5, ECF 30.

The second piece of purportedly new evidence is information that Petitioner suffers from a neurological condition. *See* Fahn Decl. ¶ 9. Petitioner's counsel in the present action, Meredith Fahn, obtained that information from attorney Barry Karl, who was appointed in 2019 to represent Petitioner as to his appeal of the superior court's order for additional restitution and as to state habeas proceedings. *See* Fahn Decl. ¶¶ 7-9. On April 24, 2020, Mr. Karl told Ms. Fahn that Petitioner was treated from 2007 through his arrest in 2013 for a neurological condition resulting

---

[1] The Court refers to the victim by only her first name in order to protect her privacy and means no disrespect by the informality.

from a head injury; Petitioner took medication; and Petitioner suffered headaches and difficulty with memory. *See id.* ¶ 9. Petitioner contends that his neurological condition could explain why he shaved off his body hair after the prosecution obtained a court order to take a hair sample for comparison with a human hair found on Zoe's genital area. *See* Mot. at 6, ECF 30. He also contends that his neurological condition could explain why he did not testify at trial and why he had tapes containing child pornography in his home. *See id.*

The third piece of purportedly new evidence is a transcript of the police station interview of Petitioner on January 16, 2013, the date of his arrest. *See* Fahn Decl. ¶ 12. Mr. Karl obtained the transcript from the file of Petitioner's trial counsel, and emailed it to Ms. Fahn, who had not previously seen the transcript. *See id.* According to Petitioner, the transcript "relays what appears to be genuine cluelessness as to why Mr. Hutchins was roused from his bed and brought to the station, as well as his utter willingness to cooperate and apparent lack of anything to hide." Mot. at 13, ECF 30.

Based on this evidence, Petitioner asks the Court to vacate its order denying his habeas petition, vacate the judgment, and impose a stay of proceedings pending conclusion of state habeas proceedings. The Court initially denied the motion as a second or successive habeas petition, as it raises an entirely new claim of actual innocence. *See* Order Den. Mot., ECF 32. With respect to Petitioner's request for relief under Rule 59(e), the Court relied on Ninth Circuit authority holding that "a Rule 59(e) motion that raises entirely *new* claims should be construed as a second or successive habeas petition subject to AEDPA's restrictions." *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016). With respect to Petitioner's request for relief under Rule 60(b), the Court relied on Supreme Court authority that using Rule 60(b) to present "new evidence" "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within the exception to the successive-petition bar." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

As noted above, after this Court denied Petitioner's motion, the Supreme Court held that a Rule 59(e) motion may not be construed as a second or successive habeas petition. *See Banister*, 140 S. Ct. at 1702. The Ninth Circuit accordingly remanded Petitioner's motion to this Court for

1 reconsideration. Nothing in *Bannister* or the Ninth Circuit's remand suggests that this Court's
2 denial of Petitioner's request for relief under Rule 60(b) was improper. To the contrary, *Bannister*
3 distinguishes Rule 59(e) motions from Rule 60(b) motions and explains why "[a] Rule 59(e)
4 motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application."
5 *Bannister*, 140 S. Ct. at 1711. This Court therefore reconsiders Petitioner's motion only to the
6 extent it seeks relief under Rule 59(e).

## II.  LEGAL STANDARD

"Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment.'" *Bannister*, 140 S. Ct. at 1703. The purpose of the rule is to allow the district court "the chance to rectify its own mistakes in the period immediately following its decision." *Id.* (quotation marks and citation omitted). "In keeping with that corrective function," federal courts generally use Rule 59(e) only to address "matters properly encompassed in a decision on the merits," and "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* (quotation marks and citation omitted). "The motion is therefore tightly tied to the underlying judgment." *Id.*

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.*

A prisoner may use Rule 59(e) to seek relief from denial of a habeas petition, but "only to request reconsideration of matters properly encompassed in the challenged judgment." *Bannister*, 140 S. Ct. at 1708 (quotation marks and citation omitted). "And 'reconsideration' means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision." *Id.* "A Rule 59(e) motion is therefore backward-looking; and because that is so, it

4

maintains a prisoner's incentives to consolidate all of his claims in his initial application." *Id.* "The motion's disposition then merges into the final judgment," in that manner helping to "produce a single final judgment for appeal." *Id.*

## III. DISCUSSION

Petitioner asserts that relief is necessary to allow consideration of newly discovered evidence, discussed above, that was previously unavailable. He also asserts that relief is necessary to prevent manifest injustice. He asks the Court to vacate its order denying his habeas petition, vacate the judgment, and enter a *King/Kelly*[2] stay pending completion of state habeas proceedings. In opposition, the Government argues that the proffered evidence is not newly discovered or previously unavailable. The Government also argues that Petitioner has not demonstrated that relief is required to prevent manifest injustice.

The Court agrees with the Government that the proffered evidence does not qualify as newly discovered or previously unavailable. With respect to the transcripts of the October 2019 restitution hearing and the January 2013 police interview, both could have been obtained by Petitioner's counsel prior to entry of judgment in this case. Moreover, the information contained in those transcripts – that Petitioner denied molesting Zoe – is not new. Petitioner pled not guilty and pursued a trial strategy of actual innocence. That he took the same position during his police interview and a post-conviction restitution hearing proves nothing.

Moreover, while Petitioner's neurological condition apparently came as news to his current habeas counsel, Petitioner himself was aware of his condition, for which he obtained medical treatment from 2007-2013. *See* Fahn Decl. ¶ 9, ECF 30-1. The transcript of Petitioner's police interview on January 16, 2013, the date of his arrest, reflects that Petitioner told the police about his head injury, medication, headaches, and memory issues. *See* Fahn Decl. Exh. 4, Tr. 23:7-24:16, ECF 30-1. Petitioner's trial counsel's file included an investigator's memorandum documenting an interview with Petitioner's mother, Barbara Hutchins, in which she disclosed Petitioner's head injury, medications, headaches, and memory issues. *See* Fahn Decl. ¶ 10 & Exh.

---

[2] *See King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).

3, Memo., ECF 30-1.  Evidence of Petitioner's neurological condition therefore could have been presented to this Court prior to entry of judgment.

Even if the evidence of Petitioner's neurological condition were newly discovered or previously unavailable, it would not warrant relief from judgment.  As the Government points out, Petitioner has never denied knowing or remembering what happened between him and his great niece.  Petitioner suggests that his neurological condition could explain why he shaved off his body hair, did not testify at trial, and had tapes containing child pornography in his home.  However, it is entirely unclear how a condition causing headaches and memory issues could have caused the conduct at issue.

Finally, Petitioner has failed to show that Rule 59(e) relief is necessary to prevent manifest injustice.  Petitioner argues that the proffered evidence, and other evidence that may result from investigation by his state habeas counsel, may support a new claim of actual innocence.  He asks the Court to vacate its order denying habeas relief, vacate the judgment, and grant a *King/Kelly* stay.  In *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), the Ninth Circuit articulated a three-step procedure for addressing mixed habeas petitions.  That procedure permits "(1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and amends his federal petition to include the newly-exhausted claims." *King*, 564 F.3d at 1139.  The *King/Kelly* procedure simply does not fit the posture of this case, in which the habeas petition has been denied and judgment has been entered.  Petitioner has not cited any case in which a district court granted a Rule 59(e) motion for the purpose of imposing an immediate *King/Kelly* stay to allow development of a potential new habeas claim.  Assuming a *King/Kelly* stay could be used for that purpose, Petitioner has not demonstrated a colorable claim of actual innocence on this record, nor has he shown that such a claim is likely to result from the state habeas proceedings.  Thus, he has not shown that relief is necessary to prevent manifest injustice.

In conclusion, after considering Petitioner's motion on the merits, the Court finds that Petitioner has failed to demonstrate that relief is warranted under Rule 59(e). Specifically, the Court finds that Petitioner has failed to show that relief is necessary either to allow consideration of newly discovered evidence that was previously unavailable, or to prevent manifest injustice.

## IV. ORDER

Petitioner's Motion to Vacate the Court's Final Order and Judgment is DENIED.

Dated: February 1, 2021

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge